UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYNE MICHAEL REAVIS, JR.                           CIVIL ACTION

VERSUS                                              NUMBER: 16-1692

STATE OF LOUISIANA                                  SECTION: "F"(5)
    "WORKERS"
ST. TAMMANY SHEREFF

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Wayne Michael Reavis, Jr., against Defendants, the State of Louisiana and the Sheriff of St. Tammany Parish.[1/]

Plaintiff is an inmate of the Louisiana Mental Health System in Jackson, Louisiana. (Rec. doc. 1, p. 3). As his statement of claim herein, Plaintiff alleges as follows:

> I Michael Wayne Reavis Jr. am in the N.C.I.C. computer since 11-18-03 under my father['s] name Wayne Michael Reavis with my SS# DOB #
>
> Arrest date 11-15-08 district officer used wrong SSN ***-***-6390 and pro[se]cuted me with it.

(Rec. doc. 7, p. 4).

Plaintiff seeks the expungement of the records relating to his convictions and arrests and makes other rather indecipherable claims for relief. (Rec. doc. 7, p. 5).

---

[1/] Although Plaintiff inserts the word "workers" between the two Defendants in the caption of his complaint, no such term appears on page four of his principal pleading where Plaintiff was instructed to identify all Defendants separately. (Rec. doc. 7, pp. 3-4). The Court thus reads Plaintiff's complaint as one brought against the State and the Sheriff only.

Initially, the Court is required to examine Plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state-court conviction or confinement. When a state prisoner attacks the fact or length of his confinement, the appropriate vehicle for that attack is a petition for writ of *habeas corpus*, even though the facts of the complaint might otherwise be sufficient to state a claim under §1983. *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for *habeas corpus* relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction *habeas* proceedings. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.) *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal *habeas corpus* relief were previously presented to the state's highest court in a procedurally proper fashion. *Knox v. Butler*, 884 F.2d 849, 852 n. 7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's cryptic allegations – essentially, that his prosecution was one of mistaken identity – challenge the fact and duration of his confinement and must initially be pursued on *habeas corpus* grounds, but only after he has exhausted available state-court remedies with respect to them. *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994); *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). In that regard, Plaintiff indicates on the face of his complaint, in answer to Question No. I(A) of the standardized §1983 complaint form, that he has not initiated any other lawsuits, in state or federal court, dealing with the same facts

involved in this action or otherwise relating to his imprisonment. (Rec. doc. 7, p. 2). Accordingly, insofar as the instant matter can be construed as presenting a claim sounding in the nature of *habeas corpus*, it should be dismissed without prejudice for failure to exhaust available state-court remedies. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must now make a recommendation as to the disposition of the §1983 claims raised by Plaintiff's complaint. As to the first listed Defendant, the State of Louisiana, the law is clear that the Eleventh Amendment bars citizens' suits in federal court against states, their alter egos, and state officials acting in their official capacity.[2/] *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-314 (5th Cir. 1999)(citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)). Because sovereign immunity deprives a court of jurisdiction, the claims so barred can be dismissed only on that basis "… and not with prejudice." *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin v. City of New Orleans*, No. 06-CV-3231, 2006 WL 2849861 at *2-4 (E.D. La. Sept. 28, 2006). In light of these authorities, it will be recommended that Plaintiff's §1983 claim against the State of Louisiana be dismissed without prejudice for want of jurisdiction.

With the recommended dismissal of Plaintiff's §1983 claim against the State, that leaves before the Court only his civil-rights claim against the unidentified Sheriff of St. Tammany Parish. Plaintiff gives no indication in his complaint of the capacity in which the Sheriff is being sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by

---

[2/] In addition, neither states, their departments, nor their officials acting in their official capacity are considered to be "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

3

operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff "... must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the Sheriff in his official capacity fail to state a claim upon which relief can be granted, as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as being made against the Sheriff in his individual capacity, he fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'" *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Supervisory officials like the Sheriff ". . . cannot be held liable for federal civil rights violations allegedly committed by [their]

associates based merely on a theory of strict liability or vicarious liability." *Id.* (footnotes omitted). *Respondeat superior* is simply not a concept that is applicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Other than identifying the Sheriff as a Defendant in the caption of and again on page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever regarding the Sheriff's involvement in the matters of which he complains herein. That being the case, there is simply no valid basis upon which to hold the Sheriff liable here and Plaintiff's §1983 claim as to Sheriff should be dismissed under 28 U.S.C. §1915(e)(2)(B)(i) and (ii) as lacking an arguable basis of law and fact. *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint, insofar as it can be construed as a request for *habeas corpus* relief, be dismissed without prejudice for failure to exhaust state court remedies.

It is further recommended that Plaintiff's §1983 claim against the State of Louisiana be dismissed without prejudice for want of jurisdiction and that his §1983 claim against the Sheriff of St. Tammany Parish be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc). 3/

New Orleans, Louisiana, this  8th  day of          June         , 2016.

                                          MICHAEL B. NORTH
                                UNITED STATES MAGISTRATE JUDGE

---

3/ *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.